David Abrams, Attorney at Law (DA-8126)
305 Broadway, Ninth Floor
New York, NY 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Eastern District of New York

| | |
|---|---|
| Jacqueline Ayala,<br><br>            Plaintiff,<br><br>- against -<br><br>Petland Discounts, Inc.,<br><br>           Defendant. | Index No. CV 03 5748<br><br>JURY TRIAL DEMANDED |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
OCT 30 2003
BROOKLYN OFFICE

TRAGER, J.
GOLD, M.J.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.     Introduction**

1.     This is an action for unpaid overtime under the Fair Labor Standards Act and New York Wage & Hour Regulations.

**II.    Parties**

2.     Plaintiff Jacqueline Ayala f/k/a Jacqueline DelValle ("Ms. Ayala") is a natural person residing at 66-72 St. Nicholas Avenue, New York, NY 10026.

3.     Upon information and belief, Defendant Petland Discounts, Inc. is a business corporation with a principal place of business at 355 Crooked Hill Road, Brentwood, NY 11717.

### III. Venue and Jurisdiction

4. Venue in the Eastern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that Defendant Petland Discounts, Inc. resides in New York and maintains a continuous and systematic presence in the Eastern District.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in claims are made that arise under the laws of the United States, specifically the Fair Labor Standards Act, and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists in that the Defendant resides in the State of New York.

### IV. Background

7. At all times relevant to this complaint, upon information and belief, Defendant Petland Discounts, Inc. (the "Employer") operated a chain of approximately 110 stores selling pet supplies throughout the tri-state area.

8. Ms. Ayala was employed by the Employer as a manager for approximately 5 to 6 years until her employment ended in April of 2003.

9. Upon information and belief, Ms. Ayala's basic schedule was, in general, for approximately 49 hours per week.

10. Upon information and belief, Ms. Ayala's salary was subject to possible reduction if she worked less than 45 hours per week.

11. Upon information and belief, Ms. Ayala was generally paid an overtime premium only if she worked in excess of 52 hours per week.

12. Thus, upon information and belief, Ms. Ayala was treated in essence as an hourly employee except that her standard workweek was approximately 49 hours instead of 40 hours as required by law.

## V. Causes of Action and Demand for Relief

### Count One: Violation of the Fair Labor Standards Act

13. The allegations contained in paragraphs 1 through 12 are incorporated as if restated herein.

14. Ms. Ayala was an employee of the Employer within the meaning of the Fair Labor Standards Act.

15. Upon information and belief, the Employer was an employer within the meaning of the Fair Labor Standards Act.

16. Upon information and belief, the Employer has gross annual sales in excess of $500,000 and at least two employees of the Employer performed work that affected interstate commerce in that the Employer buys and sells supplies from and to states besides New York on a regular and widespread basis. The Employer is therefore subject to the Fair Labor Standards Act.

17. The Employer violated the Fair Labor Standards Act in that it did not compensate Ms. Ayala for all of the overtime she worked.

### Count II: Violation of New York Wage & Hour Law

18. The allegations contained in paragraphs 1 through 17 are incorporated as if restated herein.

19. Ms. Ayala was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

20. The Employer was an employer within the meaning of those same regulations.

21. The Employer violated the above regulations in that it did not compensate Ms. Ayala for all of the overtime hours he worked.

WHEREFORE the Ms. Ayala demands judgment against the Employer in the amount of her unpaid overtime, together with liquidated and other multiple damages, costs, fees, interest, and such other and further relief that the Court deems just.

Respectfully submitted,

David Abrams (DA-8126)
Attorney for Plaintiff
      Jacqueline Ayala
305 Broadway, Ninth Floor
New York, NY 10007
Tel. 212-897-5821
Fax    212-897-5811

Dated: October 27, 2003
New York, New York

VI. **Demand for Jury Trial**

    The Plaintiff demands a jury trial on all issues so triable.

                                _____
                                David Abrams (DA-8126),
                                  Attorney for Plaintiff
                                Jacqueline Ayala
                                305 Broadway, Ninth Floor
                                New York, NY 10007
                                Tel. 212-897-5821
                                Fax 212-897-5811

Dated: New York, NY
         October 27, 2003